Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 AUG 3 AM 11: 07

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

CRIMINAL CASE NO. CF0531-07

PEOPLE OF GUAM,        )
                               )
      v.                     )
                               )     **DECISION AND ORDER**
                               )     **re: Defendant's Motion for Reduction**
MICHAEL R. NGIRAROIS,      )     **of Sentence**
                               )
      Defendant.           )
_____ )

This matter came before the Honorable Michael J. Bordallo on July 1, 2009. The People were represented by Assistant Attorney General William B. Pole. Defendant was represented by Assistant Public Defender Jane L. Kennedy. After the hearing the court took the matter under advisement. Having heard and reviewed the parties' oral and written arguments, the court now issues the following Decision and Order, denying Defendant's motion.

## BACKGROUND

On July 30, 2008 Defendant pled guilty to five (5) counts of Second Degree Criminal Sexual Conduct as First Degree Felonies and three (3) counts of Misdemeanor Child Abuse. *The People of Guam v. Michael Ngirarois*, Criminal Case No. CF531-07, *Judgment*, 1 (Oct. 25, 2008). On October 22, 2008, Defendant was sentenced to three (3) years direct and one (1) year concurrent imprisonment beginning on November 7, 2008. *Id.* at 2. Defendant now seeks to reduce the sentence.

## DISCUSSION

On July 1, 2009, Defendant filed a motion requesting a reduction in his sentence. *Mot.* at 1. In support of his motion, Defendant bases his arguments on rehabilitation and cooperation

ORIGINAL

with the People. *Mot.* at 2. Defendant argues that the Superior Court of Guam, in similar cases, has allowed for sentence reduction. *Def. Supp.* at 2.

The People claim that Defendant's motion was filed untimely, and if allowed, that Defendant has already received the statutory minimum for sentencing. *Opp.* at 2. The People also argue the inapplicability of Defendant's referenced cases. *Opp. to Supp.* at 2.

Title 8 of the Guam Annotated Code Section 120.46 restricts the time period for which a defendant may request a reduction in sentence to 120 days before the court loses jurisdiction.[1] Defendant was sentenced on October 22, 2008. Under the statute, February 19, 2009 was the last day Defendant could request a sentence reduction. Defendant's Motion was filed February 26, 2009.

Despite the motion's untimeliness, even if this court were to consider Defendant's motion it is unpersuaded that it is able to grant the relief Defendant requests. Defendant asserts, that courts in other jurisdictions have reduced sentences that were unduly harsh, but he fails to adequately support it. *Untied States v. Barber*, 456 F. 2d 579 (1972) (Third Circuit overturned a denial of sentence reduction based on an argument for rehabilitation). Defendant's main contention is that the court should reduce or suspend his sentence to assist his rehabilitation and allow him to continue contributing to the community. *Mot.* at. 2. Defendant argues that the

---

[1] 8 G.C.A § 120.46 (2008). Provides:
> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

court should consider Defendant's continuing of his close ties with both work and church. *Id.* Additionally, Defendant and the People cite Superior Court Cases which they argue support their positions. However, none of the cases cited by the defendant show any Superior Court precedent for reducing a sentence under similar facts.[2]

Section 120.46 provides this court the power of discretion in deciding sentence reduction on any "illegal sentence" or "sentence imposed in an illegal manner". 8 Guam Code Ann. § 120.46 (2008). Defendant has made no assertion that the sentence was illegal or imposed in an illegal manner. Absent some showing of authority, the court is unable to find the sentence was illegally imposed or otherwise grant relief requested for.[3]

---

[2] The main distinguishing facts between the instant case is the circumstances do not show a consensual act, as described in four of the cases cited to by Defendant. Also, Defendant made direct contact several times with victims' intimate parts over a time period while in the last case cited to by Defendant, the defendant touched outside of the clothing in a one time event. Furthermore, the People cite to cases involving digit penetration and in the instant case, Defendant did not make penetration. Thus, with no relevant case law to support Defendant's Motion, or oppose, this Court must deny the motion.

*People v. Lessoy* involved touching over the clothes in a public setting and occurred over a single event, which lead to an 18 month sentence, suggestive of defendant's mental status at the time. Criminal Case No. 456-06, *Judgment* (Feb. 20, 2008). Defendant here repeatedly touched the victims' under the clothes and in a private setting.

This Court sentenced a defendant to seven (7) years for Second Degree CSC in *People v. Nosa*, Criminal Case No. CF0500-07, *Judgment* (Oct. 6, 2008). The defendant in *Nosa* received a longer sentence because the victim was much younger and because the defendant digitally penetrated the victim. *Id.* Here, the victim was 15 years of age and there was no penetration.

[3] Defendant does contend, however, that the court can reduce a sentence when it is unduly harsh. *Mot.* at 2. The Ninth Circuit found, through case law, that a court can review a sentence if it appears to be unduly harsh. *United States v. Maynard*, 485 F .2d 247, at 2 (1973). Although Defendant mentions this, he fails to present any showing or cite any case law that would give this court cause to grant the motion.

Guam Law requires that a minimum sentence be handed out when sentencing First Degree Felonies. 9 Guam Code Ann. § 80.31 (2008). Section 80.31 of Title 9 provides that a first time offender, being sentenced for a first degree felony, be sentenced to a minimum of three (3) years and a maximum of fifteen (15) years. *Id.* Here, the Defendant pled guilty to Third Degree Criminal Sexual Conduct and was given the minimum sentence allowed by statute.

## CONCLUSION

Based on the foregoing, the Defendant's Motion for Sentence Reduction is denied.

So ORDERED this _5_ day of August, 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full, true and correct copy in the
original on file in the office of the
clerk of the Superior Court of Guam
Dated at Hagatna, Guam.

8/3/09